[Cite as *State v. Wilson*, 2015-Ohio-4231.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-03-058 |
| | : | O P I N I O N |
| - vs - | | 10/13/2015 |
| | : | |
| PIERRE WILSON, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2014-10-1592


Michael T. Gmoser, Butler County Prosecuting Attorney, Audra R. Adams, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Brandabur & Bowling Co., L.P.A., Jeffrey W. Bowling, 315 South Monument Avenue, Hamilton, Ohio 45011, for defendant-appellant


**PIPER, P.J.**

{¶ 1} Defendant-appellant, Pierre Wilson, appeals the sentence imposed upon him by the Butler County Court of Common Pleas for committing burglary, as well as the court's calculation of confinement credit.

{¶ 2} Wilson, who was on community control for a previous conviction, broke into the home of his ex-girlfriend and stole several items. Wilson was indicted on one count of

burglary, and was also charged separately for violating the terms of his community control. Wilson entered a guilty plea to an amended burglary charge, and did so pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970). Wilson also entered an admission that he violated the terms of his community control by committing the burglary. From the time of his arrest until his sentencing, Wilson was confined in the Butler County Jail and spent 234 total days incarcerated.

{¶ 3} The trial court held a sentencing hearing, at which it ordered Wilson to serve a three-year sentence for the burglary. The court also sentenced Wilson to serve 234 days for the violation of community control, and then administratively terminated Wilson's community control upon awarding the 234-day jail-time credit toward the community control violation sentence. Wilson now appeals the trial court's sentence, as well as the way in which the trial court awarded the jail-time credit, raising the following assignments of error.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT'S SENTENCE WAS CONTRARY TO LAW AND AN ABUSE OF DISCRETION.

{¶ 6} Wilson first argues that the trial court erred in sentencing him to three years for the burglary conviction.

{¶ 7} In support of his argument that the trial court incorrectly sentenced him, Wilson relies upon the standard set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. However, and as this court has stated multiple times, the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences. *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to R.C. 2953.08(G)(2), when hearing an appeal of a trial court's felony sentencing decision, "the appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." However, as

explicitly stated in R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is *not whether the sentencing court abused its discretion.*" (Emphasis added.)

{¶ 8} Instead, an appellate court may only take action authorized by R.C. 2953.08(G)(2) if the court "clearly and convincingly finds" that the sentence is contrary to law. A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentences the defendant within the permissible statutory range. *Crawford* at ¶ 9; *State v. Elliott*, 12th Dist. Clermont No. CA2009-03-020, 2009-Ohio-5926, ¶ 10.

{¶ 9} After reviewing the record, the trial court's sentence is not contrary to law. The transcript of the sentencing hearing clearly indicates that the trial court considered the purposes and principles of the Ohio sentencing statutes, as well as the seriousness and recidivism factors. The trial court also expressly stated in its entry that it had considered the purposes and principles of sentencing according to R.C. 2929.11 as well as the seriousness and recidivism factors within R.C. 2929.12. Based on the record, it is clear that the trial court gave the proper consideration to the statutory requirements for sentencing.

{¶ 10} Wilson was convicted of burglary in violation of R.C. 2911.12(A)(3), which is a third-degree felony. According to R.C. 2929.14(A)(3)(b), "for a felony of the third degree * * * the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." As such, Wilson's three-year sentence was within the sentencing range for a third-degree felony.

{¶ 11} After reviewing the record, we find that Wilson's sentence was not clearly and convincingly contrary to law where the trial court considered the purposes and principles of sentencing according to R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentenced Wilson within the permissible statutory range. As such, Wilson's sentence was not contrary to law, and his first assignment of error is

overruled.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GIVE APPELLANT JAIL TIME CREDIT FOR THIS CASE.

{¶ 14} Wilson argues in his second assignment of error that the trial court erred in failing to award him jail-time credit.

{¶ 15} Relying on the principles inherent in the Equal Protection Clause, courts have held that defendants must be credited for the time they are confined while awaiting trial. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7. "The Equal Protection Clause requires that *all* time spent in any jail prior to trial and commitment by a prisoner who is unable to make bail because of indigency *must* be credited to his sentence." *Id.* (Emphasis sic).

{¶ 16} The Ohio legislature codified this principle within R.C. 2967.191, which states that "the department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *." The trial court makes the factual determination as to the number of days a confined defendant is entitled to have credited toward his sentence. *State v. Chasteen*, 12th Dist. Butler No. CA2013-11-204, 2014-Ohio-3780.

{¶ 17} However, an offender is not entitled to jail-time credit for any period of incarceration that arose from facts that are separate and apart from those on which his current sentence is based. *State v. Haley*, 12th Dist. Butler No. CA2012-10-212, 2013-Ohio-4531, ¶ 21. As such, a trial court does not give jail-time credit for time served on unrelated offenses, "even if that time served runs concurrently during the pre-detention phase of

- 4 -

another matter." *Id.*

{¶ **18**} This court has previously decided a case directly on point. *Chasteen*, 2014-Ohio-3780. In *Chasteen*, we affirmed the trial court's decision to award jail-time credit to a sentence imposed for a community control violation even though the defendant was also being held on the charges for which he was later sentenced to seven years. Chasteen, who was on community control when he committed several theft-related offenses, was arrested and incarcerated until his sentencing occurred. The trial court administratively dismissed Chasteen's community control as being unsuccessful and then sentenced Chasteen to 461 days for having violated the terms of his community control. The trial court credited the 461 days Chasteen had spent in jail awaiting sentencing toward the sentence imposed for the community control violation. The trial court then sentenced Chasteen to seven years for his theft-related crimes, and the sentence for the community control violation was not run concurrent to the theft sentence. As such, the trial court was authorized to award the jail-time credit to the community control violation, as it was not a concurrent sentence that would have required application of jail-time credit to the theft sentence as well.

{¶ **19**} In *Chasteen*, we also recognized that other courts have affirmed similar jail-time credit calculations when the trial court essentially sentences the defendant to "time served" for a community control violation but does not run the community control violation concurrent with the sentence for any new crimes committed. *See State v. Speakman*, 10th Dist. Franklin Nos. 08AP-456 to 458, 2009-Ohio-1184, ¶ 13 (affirming where "the court sentenced appellant to an amount of time equal to the amount of jail time credit he had, which resulted in appellant having already served his sentence for the community control violation by the time of the sentencing hearing"); *State v. Maddox*, 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140, ¶ 49 (affirming where the trial court did not order appellant to concurrent sentences for his probation violation and new crimes, and instead, "essentially sentenced

- 5 -

Maddox to time served for those violations"); and *State v. Smith*, 10th Dist. Franklin Nos. 08AP-736 and 09AP-72, 2009-Ohio-2166, ¶ 48 (affirming where the trial court's "express intention was to apply all of the time to the community control violation as the full sentence for that violation" so that there were no concurrent sentences imposed).

{¶ 20} After reviewing the record, we find that Wilson was properly sentenced on the community control violation to the time he already served while awaiting disposition of the pending burglary charge. Wilson was not sentenced to concurrent prison time for his violation of community control and his burglary charge. Rather, Wilson completed his prison sentence under the community control violation before he was sentenced for burglary so that the 234-day sentence could not be served simultaneously with the three-year burglary sentence. As such, Wilson was not entitled to have the 234 days credited toward his sentence for burglary where the trial court credited all of those days to the sentence for Wilson's violation of his community control. Therefore, the trial court did not err in calculating Wilson's jail-time credit, and his second assignment of error is overruled.

{¶ 21} Judgment affirmed.

RINGLAND and M. POWELL, JJ., concur.