[Cite as *State v. White*, 2016-Ohio-5878.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2015-12-102 |
| Plaintiff-Appellee, | : | CA2015-12-103 |
| | : | O P I N I O N |
| - vs - | | 9/19/2016 |
| | : | |
| DAVID EDWARD WHITE, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Cases Nos. 14CR00719 and 15CR00526

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Christine D. Tailer, P.O. Box 14, Georgetown, Ohio 45121, for defendant-appellant

**M. POWELL, P.J.**

{¶ 1} Defendant-appellant, David White, appeals his sentences in the Clermont County Court of Common Pleas for rape and heroin possession on the ground the trial court improperly calculated his jail-time credit when imposing the sentences.[1]

---

1. "The term 'jail-time credit' is used as shorthand for custody credit. A prisoner receives credit for any time spent in confinement, including 'confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.'" *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 1, fn. 1, quoting R.C. 2967.191; *State v. Stefanopoulos*, 12th Dist. Butler No. CA2011-10-187, 2012-Ohio-4220, ¶ 56, fn. 5.

{¶ 2} The facts of this case involve two criminal cases. In Case No. 14CR00719 (the "heroin case"), appellant was arrested and incarcerated in the Clermont County Jail on December 9, 2014, indicted on one count of heroin possession on December 10, 2014, and released on bond that day. Following a bond review hearing on December 22, 2014, appellant was once again incarcerated in the county jail. He subsequently pled guilty as charged. On March 2, 2015, the trial court granted appellant's motion for Intervention in Lieu of Conviction ("ILC"); appellant was released from jail that same day. At the time of his March 2, 2015 release, appellant had been incarcerated in the county jail in the heroin case for 73 days.

{¶ 3} On October 1, 2015, appellant was indicted in Case No. 15CR00226 on one count of rape (the "rape case"). Appellant was arrested and incarcerated in the Clermont County Jail on October 8, 2015. He subsequently pled guilty as charged. As a result of appellant's guilty plea to rape, an affidavit of violation of ILC was filed in the trial court. On December 9, 2015, the trial court held a hearing on the ILC violation. At the time of the hearing, appellant had been incarcerated in the county jail in the rape case for 63 days.

{¶ 4} During the December 9, 2015 hearing, the trial court found appellant guilty of violating ILC and sentenced him in both the heroin and rape cases. The trial court sentenced appellant to 8 years in prison on the rape charge and to 12 months in prison on the heroin possession charge, and ordered that the sentences be served concurrently. The trial court also determined that appellant was entitled to 63 days of jail-time credit in the rape case, and to 73 days of jail-time credit in the heroin case for a total jail-time credit of 136 days, but ultimately found that only 63 days could be applied to both the heroin and rape cases.

{¶ 5} Although an entry of commitment was filed on December 9, 2015, the trial court subsequently realized, while drafting one of the sentencing judgment entries, that it had made some mistakes. Consequently, on December 17, 2015, the trial court brought

appellant back for a further sentencing hearing. At the hearing, the trial court found that appellant was entitled to 63 days of jail-time credit in the rape case, and to 73 days of jail-time credit in the heroin case for a total jail-time credit of 136 days. The jail-time credit was reflected in the December 17, 2015 sentencing entries: in the rape case, the trial court found that appellant "has 63 days of jail time credit as of and including the last date of sentencing;" in the heroin case, the trial court found that appellant "has 136 days of jail time credit as of and including the last day of sentencing." The sentencing entries also reflected the prison sentences previously imposed, to wit, 8 years in prison on the rape charge and 12 months in prison on the heroin possession charge, to be served concurrently with one another.

{¶ 6} Appellant now appeals, raising one assignment of error:

{¶ 7} THE TRIAL COURT FAILED TO PROPERLY CREDIT APPELLANT TO ALL OF THE JAIL TIME HE HAD PREVIOUSLY SERVED.

{¶ 8} Appellant argues, and the state agrees, that the trial court failed to award him all of the jail-time credit to which he is entitled. Specifically, both parties agree the trial court failed to give appellant eight additional days of jail-time credit for the time he remained in the county jail between the initial sentencing hearing on December 9, 2015, and the additional sentencing hearing on December 17, 2015. The dispute between the parties concerns the interpretation of the phrase "as of and including the last date of sentencing" found in both December 17, 2015 sentencing entries. Appellant asks that we remand both cases to the trial court so that the sentencing entries can accurately reflect the additional eight days. By contrast, the state asserts there is no need to remand because the sentencing entries "can be read to give credit for the eight additional days Appellant is due." Alternatively, the state suggests this court "may instead modify" the sentencing entries "to clarify that Appellant is to receive credit for the eight days." The parties do not challenge the trial court's determination that appellant is entitled to a total jail-time credit of 136 days for his combined convictions for

rape and heroin possession.

{¶ 9}   We first note that appellant failed to file a motion for jail-time credit or object to the trial court's failure to include the additional eight days of jail-time credit in the December 17, 2015 sentencing entries.   Accordingly, he has waived all but plain error.  *State v. Edmonds*, 12th Dist. Warren No. CA2014-03-045, 2015-Ohio-2733, ¶ 9.  However, "a trial court's failure to properly calculate an offender's jail-time credit and to include the amount of jail-time credit in the body of the offender's sentencing judgment amounts to plain error."  *Id.*

{¶ 10}  The Equal Protection Clause requires that all time spent in jail prior to trial and prior to commitment must be credited to the prisoner's sentence.  *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7.  This principle is codified in R.C. 2967.191 which states that a prison term shall be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, [and] confinement while awaiting transportation to the place where the prisoner is to serve [his] prison term[.]"  The trial court is required to determine "the number of days of confinement that a defendant is entitled to have credited toward his sentence."  *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶ 7.  "This information is required to be included within the sentence and entry."  *State v. Stefanopoulos*, 12th Dist. Butler No. CA2011-10-187, 2012-Ohio-4220, ¶ 4.

{¶ 11}  In *Fugate,* the Ohio Supreme Court found that "when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit."  *Fugate* at ¶ 12.  "So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence[.]"  *Id.*  Thus, "when a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each

concurrent prison term."  *Id.* at ¶ 22.

{¶ 12} In the case at bar, it is undisputed that in addition to the 136-day jail-time credit already determined by the trial court in the December 17, 2015 sentencing entries, appellant is also entitled to an additional eight days of jail-time credit for the eight days he remained in the county jail between the December 9, 2015 and the December 17, 2015 sentencing hearings.  Because the trial court ordered that the heroin possession sentence be served concurrently with the rape sentence, under *Fugate*, appellant should have been credited with these eight days of jail-time credit in both the rape and heroin cases.

{¶ 13} The trial court's December 17, 2015 sentencing entries both state that appellant is entitled to jail-time credit "as of and including the last date of sentencing."  The state asserts that while the sentencing entries are "not altogether clear as to what 'last date' refers, * * * it would seem inconsistent to find the trial court meant not to award Appellant the time between December 9, and December 17.  As such, the court did not err as its entr[ies] can be read to give credit for the eight additional days Appellant is due."

{¶ 14} We find that while it may have been the trial court's intention to credit appellant with the eight days of jail-time credit, the December 17, 2015 sentencing entries fail to specifically state this intention and are ambiguous as to this point.  While both sentencing entries ostensibly acknowledge jail-time credit is due, they do not explicitly include the eight-day jail-time credit either by noting the number of days or the dates for which the jail-time credit is applicable.  As such, it is not clear based on the record that the trial court has properly determined the total amount of jail-time credit owed in the rape and heroin cases.

{¶ 15} We decline the state's suggestion that we modify the December 17, 2015 sentencing entries and clarify that appellant is entitled to receive jail-time credit for the eight days.  As stated above, the trial court is required to determine the appropriate amount of jail-time credit and include it in the sentencing entry.  *Stefanopoulos*, 2012-Ohio-4220 at ¶ 58;

*State v. Mills*, 10th Dist. Franklin No. 09AP-198, 2009-Ohio-6273, ¶ 7. While R.C. 2967.191 requires that the Ohio Department of Rehabilitation and Correction ("ODRC") credit an inmate with jail time already served, "it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence." *Rankin*, 2003-Ohio-2061 at ¶ 7. Further, R.C. 2949.12 provides that upon the conveyance of a convicted felon to a state correctional facility, the institution is provided with a copy of the convicted felon's sentence that clearly describes each offense for which the felon was sentenced to a correctional institution, designates the sentence imposed for each such offense, and specifies the total number of days of jail-time credit to which the defendant is entitled pursuant to R.C. 2967.191. R.C. 2949.12; *Rankin* at ¶ 7. *See also* Ohio Adm.Code 5120-2-04(B).[2]

{¶ 16} Thus, the duty to properly calculate the number of days to be credited lies solely with the trial court which imposes the actual sentence. *State v. Ott*, 11th Dist. Portage No. 2012-P-0010, 2012-Ohio-4471, ¶ 26. Only after the trial court makes this determination and includes it in the sentencing entry may the ODRC credit the time served. *State v. Hesler*, 12th Dist. Warren No. CA93-03-030, 1993 WL 358154, *2 (Sept. 13, 1993).

{¶ 17} We therefore find that in addition to the 136 days appellant served in the Clermont County Jail upon the rape and heroin possession charges, appellant served an additional eight days in the county jail between the December 9, 2015 and December 17, 2015 sentencing hearings. Appellant is entitled to jail-time credit for these eight additional days of confinement. Accordingly, appellant is entitled to a total of 144 days jail-time credit

---

2. Ohio Adm.Code 5120-2-04(B) provides, "The sentencing court determines the amount of time the offender served before being sentenced. The court must make a factual determination of the number of days credit to which the offender is entitled by law and, if the offender is committed to a state correctional institution, forward a statement of the number of days confinement which he is entitled by law to have credited. This information is required to be included within the journal entry imposing the sentence or stated prison term."

for his combined convictions for rape and heroin possession.

{¶ 18} Appellant's assignment of error is accordingly sustained and this case is reversed and remanded to the trial court for the limited purpose of amending the December 17, 2015 sentencing entries to reflect the 144 days appellant served in the Clermont County Jail for his combined convictions for rape and heroin possession prior to the December 17, 2015 sentencing hearing and entries.  In all other respects, the trial court's judgment is affirmed.

{¶ 19} Judgment reversed and cause remanded for further proceedings consistent with this opinion.

S. POWELL and PIPER, JJ., concur.