[Cite as *State v. Dobbins*, 2020-Ohio-726.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NOS. CA2019-04-061 |
| | | CA2019-04-062 |
| Appellee, | : | CA2019-04-063 |
| | : | |
| - vs - | | O P I N I O N |
| | : | 3/2/2020 |
| RONNIE CARLOS DOBBINS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case Nos. CR2018-08-1533, CR2018-10-1833, CR2018-10-1862, and CR2018-02-0307

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Rodriguez & Porter, Ltd., Paul W. Shonk, 5103 Pleasant Avenue, Fairfield, Ohio 45014, for appellant

**M. POWELL, J.**

{¶ 1}   Appellant, Ronnie Carlos Dobbins, appeals his sentences in the Butler County Court of Common Pleas for multiple felony offenses.

{¶ 2}   The facts of this case involve four criminal cases.  In Case No. CR2018-08-1533 ("Case No. 1533"), appellant was arrested on August 26, 2018, for possessing

methamphetamine. He was held in jail for ten days until he posted bond on September 5, 2018. He was later indicted for aggravated possession of drugs.

{¶ 3} On September 7, 2018, appellant was sentenced to five years of community control for attempted aggravated possession of drugs in Case No. CR2018-02-0307 (the "CCV Case").

{¶ 4} On October 3, 2018, appellant was arrested for possession of methamphetamine and drug paraphernalia in Case No. CR2018-10-1862 ("Case No. 1862"). He was later indicted for aggravated possession of drugs and a drug-related misdemeanor offense. He remained incarcerated from his October 3, 2018 arrest until he was sentenced on April 9, 2019.

{¶ 5} While appellant was held in jail in Case No. 1862, he was served with a notice of community control violation in the CCV Case on October 5, 2018. A magistrate held a probable cause hearing on October 11, 2018, found probable cause for the community control violation, and ordered that appellant be held in custody for his community control violation. Thus, appellant remained incarcerated in the CCV Case from the October 11, 2018 probable cause hearing until he was sentenced on April 9, 2019.

{¶ 6} While appellant remained incarcerated in both the CCV Case and Case No. 1862, he was indicted for aggravated possession of drugs, illegal conveyance of drugs of abuse onto the grounds of the Trenton Police Department detention facility, and two drug-related misdemeanor offenses in Case No. CR2018-10-1833 ("Case No. 1833").

{¶ 7} In March 2019, pursuant to plea negotiations, appellant pled guilty to aggravated possession of drugs in Case No. 1533, amended charges of attempted aggravated possession of drugs and attempted illegal conveyance of drugs of abuse in Case No. 1833, and an amended charge of aggravated possession of drugs in Case No. 1862. All misdemeanor charges were dismissed. Appellant further admitted to violating

the conditions of his community control in the CCV Case.

{¶ 8} On April 9, 2019, the trial court held a joint sentencing hearing on all four cases. Regarding the CCV Case, the trial court administratively terminated community control and gave appellant 199 days jail-time credit. The trial court then imposed an aggregate 54-month prison term in the other three cases as follows: 12 months in prison in Case No. 1533 to be served concurrently with the prison terms in Case Nos. 1833 and 1862; 18 months in prison for each of the two felonies in Case No. 1833, with the prison term in Count 1 to be served concurrently with the prison term in Count 2, and the prison term in Count 2 to be served consecutively to the prison term in Case No. 1862; and 36 months in prison in Case No. 1862 to be served consecutively to the prison term for Count 2 in Case No. 1833.

{¶ 9} The trial court gave appellant zero days of jail-time credit against the aggregate 54-month prison term, explaining it had imposed all jail-time credit against appellant's sentence in the CCV Case. The trial court's finding was memorialized in the sentencing entries in Case Nos. 1533, 1833, and 1862, as follows: "Credit for 0 days served is granted as of this date, as all credit was applied to Butler County case CR2018-02-0307 [the CCV Case]." The sentencing entry in the CCV Case stated, "The Court FINDS that said defendant with credit for 199 days shall have supervision by the Butler County Adult Probation Department administratively unsuccessfully terminated."

{¶ 10} Appellant now appeals, raising two assignments of error.

{¶ 11} Assignment of Error No. 1:

{¶ 12} APPELLANT'S JAIL-TIME CREDIT TO HIS SENTENCE OF 199 DAYS TIME SERVED FOR A COMMUNITY CONTROL VIOLATION WAS INCONSISTENT WITH THE APPELLANT'S CONSTITUTIONAL RIGHTS TO EQUAL PROTECTION UNDER *FUGATE*.

{¶ 13} Appellant argues the trial court erred when it did not award him the 199 days

of jail-time credit in Case Nos. 1533, 1833, and 1862. Appellant asserts that at a minimum, the 199 days jail-time credit should have been applied to his prison term in Case No. 1862 because he was not incarcerated exclusively on the community control violation during the accrual of the jail-time credit, but was also clearly held in Case No. 1862. Consequently, appellant asserts, the 199 days jail-time credit should have applied to the concurrent prison sentences in Case No. 1833 regarding Count 1 and in Case No. 1533 pursuant to *Fugate*.

{¶ 14} Before we consider appellant's assignments of error, we first address two threshold issues raised by the state.

{¶ 15} The state urges this court to summarily overrule the first assignment of error because appellant failed to include a statement of facts in his brief in violation of App.R. 16(A)(6). Appellant's failure to comply with the Ohio Appellate Rules allows us to disregard the assignment of error or dismiss the appeal. *State v. Coleman*, 4th Dist. Highland No. 16CA11, 2017-Ohio-1067, ¶ 1, fn. 1. However, "it is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits." *De Hart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 192 (1982). In the interests of justice and because we can sufficiently discern the facts supporting appellant's first assignment of error from the record, we decline to summarily overrule the assignment of error. *Salisbury v. Smouse*, 4th Dist. Pike No. 05CA737, 2005-Ohio-5733, ¶ 12.

{¶ 16} The state further urges this court to resolve the first assignment of error without considering a "Report and Notice of Violation Hearing" filed in the CCV Case and relied upon by appellant because appellant did not appeal his sentence in the CCV Case, and thus the record in that case is not before us; furthermore, the foregoing document is not in any of the records before this court for Case Nos. 1533, 1833, and 1862. However, an appellate court "may take judicial notice of filings readily accessible from a court's online docket * * * if it is clear those filings were first before the trial court." *State v. Walker*, 5th

- 4 -

Dist. Richland No. 09CA88, 2016-Ohio-8615, ¶ 46. *See also State v. Kempton*, 4th Dist. Ross No. 15CA3489, 2018-Ohio-928; *State v. Tibbs*, 12th Dist. Butler No. CA2019-02-027, 2019-Ohio-4721. The filings in the CCV Case were clearly before the trial court as appellant was sentenced in that case along with the other three pending cases on April 9, 2019. Thus, we will take judicial notice of the trial court's online docket relating to the CCV Case. *Kempton* at ¶ 7.

{¶ 17} We note that appellant failed to file a motion for jail-time credit or object to the trial court's failure to include jail-time credit in the sentencing entries in Case Nos. 1533, 1833, and 1862. Accordingly, he has waived all but plain error. *State v. White*, 12th Dist. Clermont Nos. CA2015-12-102 and CA2015-12-103, 2016-Ohio-5878, ¶ 9. However, "a trial court's failure to properly calculate an offender's jail-time credit and to include the amount of jail-time credit in the body of the offender's sentencing judgment amounts to plain error." *Id.*; *State v. Edmonds*, 12th Dist. Warren No. CA2014-03-045, 2015-Ohio-2733, ¶ 9.

{¶ 18} The Equal Protection Clause requires that all time spent in jail prior to trial and prior to commitment must be credited to the prisoner's sentence. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7. This principle is codified in R.C. 2967.191, which requires the department of rehabilitation and correction to "reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial[.]"

{¶ 19} Although the department of rehabilitation and correction "has a mandatory duty pursuant to R.C. 2967.191 to credit an inmate with jail time already served, it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio*

*Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶ 7; *State v. Chasteen*, 12th Dist. Butler No. CA2013-11-204, 2014-Ohio-3780, ¶ 9. "This information is required to be included within the sentence and entry." *State v. Stefanopoulos*, 12th Dist. Butler No. CA2011-10-187, 2012-Ohio-4220, ¶ 4.

{¶ 20} In *Fugate*, the Ohio Supreme Court found that a defendant should have been given jail-time credit when the trial court imposed concurrent sentences for his burglary, robbery, and community control violation convictions. *Fugate*, 2008-Ohio-856 at ¶ 22. The defendant's burglary and theft convictions constituted the community control violation and the defendant was sentenced for all convictions at the same hearing. *Id.* at ¶ 2-4. The supreme court found that "when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit." *Id.* at ¶ 12. "So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence[.]" *Id.* Thus, "when a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *Id.* at ¶ 22.

{¶ 21} In *Chasteen*, we affirmed the trial court's decision to award jail-time credit solely to a sentence imposed for a community control violation even though the defendant was also being held on theft charges for which he was later sentenced to a seven-year prison term. *Chasteen*, 2014-Ohio-3780. Chasteen was on community control when he committed several theft-related offenses. As a result of his offenses, Chasteen was arrested and incarcerated until his sentencing occurred. The trial court sentenced Chasteen to 461 days for the community control violations, credited him with 461 days served in jail awaiting sentencing, and then terminated community control. The trial court then sentenced Chasteen to seven years for his theft-related crimes. Distinguishing

*Fugate*, we held that Chasteen was not entitled to jail-time credit against the prison term imposed for the theft offenses because the trial court had not ordered that the community control violation sentence be served concurrently with the prison term for the theft offenses. *Id.* at ¶ 14, 16.

{¶ 22} Other courts have likewise found that *Fugate* is not applicable when the trial court essentially sentences the defendant to "time served" for a community control violation but does not run the community control violation sentence concurrent with the sentence for the new crimes. *See State v. Speakman*, 10th Dist. Franklin Nos. 08AP-456 thru -458, 2009-Ohio-1184, ¶ 13; *State v. Maddox*, 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140, ¶ 49; and *State v. Smith*, 10th Dist. Franklin Nos. 08AP-736 and 09AP-72, 2009-Ohio-2166, ¶ 48.

{¶ 23} The record shows that appellant was incarcerated in Case No. 1862 from his October 3, 2018 arrest until he was sentenced on April 9, 2018, for a total of 188 days. The trial court's online docket in the CCV Case shows that appellant was served with a notice of community control violation on October 5, 2018, and that a magistrate held a probable cause hearing on October 11, 2018. Thereafter, appellant remained incarcerated in the CCV Case from the October 11, 2018 probable cause hearing until he was sentenced on April 9, 2019. Thus, appellant was held in jail concurrently in the CCV Case and Case No. 1862 from October 11, 2018, until April 9, 2019, for a total of 180 days.

{¶ 24} Although the sentencing entry in the CCV Case is not well worded, reading this entry together with the sentencing entries in Case Nos. 1533, 1833, and 1862 indicates that upon administratively terminating appellant's community control, the trial court sentenced appellant to 199 days in the CCV Case and then credited him with 199 days served in jail awaiting sentencing for his community control violation. The trial court then sentenced appellant to 36 months in prison in Case No. 1862 but did not order the

community control violation sentence to be served concurrently with the prison term in Case No. 1862. Thus, *Chasteen* is directly on point.

{¶ 25} In light of the foregoing, we find that appellant completed his community control violation sentence before he was sentenced in Case No. 1862. Thus, the community control violation sentence could not be served simultaneously with the 36-month prison term imposed in Case No. 1862, and *Fugate* is inapplicable for that reason. *Chasteen*, 2014-Ohio-3780 at ¶ 14, 16; *Tibbs*, 2019-Ohio-4721; *State v. Wilson*, 12th Dist. Butler No. CA2015-03-058, 2015-Ohio-4231. Accordingly, appellant was not entitled to have the 180 days between October 11, 2018, and April 9, 2019, credited toward the prison term imposed in Case No. 1862. It follows then that notwithstanding appellant's assertion, he is also not entitled to have the 180 days credited toward the prison terms imposed in Case No. 1833 regarding Count 1 and in Case No. 1533.

{¶ 26} The trial court, however, gave appellant 199 days jail-time credit in the CCV Case. Appellant does not challenge the trial court's calculation that 199 days of credit was due, only how it was applied. There is no explanation in the record, the sentencing entries, or the parties' briefs for the trial court's calculation of this jail-time credit.

{¶ 27} One issue with the trial court's calculation of appellant's jail-time credit involves Case No. 1862. The record plainly shows that appellant was exclusively held in jail in that case from his October 3, 2018 arrest until he was remanded to custody in the CCV Case on October 11, 2018, for a total of eight days. Pursuant to the plain language of R.C. 2967.191(A) and the Ohio Supreme Court's construction of the statute in *Fugate*, appellant is entitled to eight days of credit in Case No. 1862. Furthermore, the eight days appellant was held in jail exclusively in Case No. 1862 may not serve as a credit against jail time imposed in the CCV Case.

{¶ 28} Another issue involves Case No. 1533. Appellant was held in jail from his

August 26, 2018 arrest until he posted bond on September 5, 2018, for a total of ten days. Pursuant to R.C. 2967.191(A), and because this time plainly predates the filing of the community control violation, the ten days jail-time credit cannot be applied in the CCV Case and must be applied instead in Case No. 1533.

{¶ 29} It is unclear how, or if, the trial court allocated the ten days jail-time credit in Case No. 1533 and the eight days jail-time credit in Case No. 1862. We note there is a discrepancy between the 199 days jail-time credit the trial court awarded appellant in the CCV Case and the time appellant was incarcerated while the cases were pending. As stated above, appellant was held ten days in jail exclusively in Case No. 1533, and was then held 188 days in jail in Case No. 1862. Appellant was also credited with three days in the CCV Case when he was originally sentenced to community control in that case. These periods of incarceration total 201 days.

{¶ 30} The duty to properly calculate the number of days to be credited lies solely with the trial court which imposes the actual sentence. *White*, 2016-Ohio-5878 at ¶ 16. Only after the trial court makes this determination and includes it in the sentencing entry may the department of rehabilitation and correction credit the time served. *Id.* A trial court's failure to properly calculate an offender's jail-time credit amounts to plain error. *Id.* at ¶ 9. While appellant was not entitled to have 180 days jail-time credit toward his prison sentence in Case No. 1862 as those days were property credited to appellant's sentence in the CCV Case, he was entitled to ten days jail-time credit in Case No. 1533 and eight days jail-time credit in Case No. 1862. We therefore find that the trial court erred in finding appellant was entitled to 199 days jail-time credit in the CCV Case and in calculating appellant's jail-time credit in Case Nos. 1533 and 1862.

{¶ 31} Appellant's first assignment of error is sustained.

{¶ 32} Assignment of Error No. 2:

{¶ 33} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FAILING TO CORRECTLY SPECIFY IN ITS SENTENCING ENTRIES HOW MANY DAYS THE APPELLANT HAD BEEN CONFINED ON EACH CHARGE AS REQUIRED BY R.C. §2967.191.

{¶ 34} Appellant argues the trial court failed to comply with R.C. 2929.19(B)(2)(h)(i) because it did not specify in the sentencing entries the number of days appellant was held.[1]

{¶ 35} R.C. 2929.19(B)(2)(h)(i) requires a trial court to "[d]etermine, notify the offender of, and include in the sentencing entry the number of days * * * that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term[.]"

{¶ 36} To the extent appellant argues that R.C. 2929.19(B)(2)(h)(i) requires a trial court to identify specific periods of confinement in determining the number of days an offender was confined, we find that the statute does not direct the trial court to do more than state the number of days. In other words, the trial court need not identify each specific period of confinement in determining the total number of days but may comply with the statute by merely stating the total number of days. Furthermore, the statute does not require the trial court to include that information in a sentencing entry as a matter of course, but only where the department of rehabilitation and correction must reduce a prison term by that number of days. By finding that appellant was entitled to zero days jail-time credit in Case Nos. 1533, 1833, and 1862, the trial court determined that appellant had not been confined arising out of the offenses for which he was sentenced in those cases and

---

1. In support of his argument, appellant cites R.C. 2929.19(B)(2)(f)(i) rather than R.C. 2929.19(B)(2)(h)(i). A review of recent amendments to R.C. 2929.19 reveals that the statutory provision has been renumbered twice in the last two years. The statutory language relied upon by appellant is now found in R.C. 2929.19(B)(2)(h)(i), effective March 22, 2019.

appellant was not entitled to have the department of rehabilitation and correction reduce his prison terms pursuant to R.C. 2929.19(B)(2)(h)(i).

{¶ 37} To the extent appellant challenges the trial court's failure to award him jail-time credit in Case Nos. 1533 and 1862, these issues have been addressed in the first assignment of error.

{¶ 38} Appellant's second assignment of error is overruled.

{¶ 39} The trial court's judgment is reversed and this case is remanded for the limited purpose of amending the various sentencing entries to reflect the jail-time credit to which appellant is entitled in each case.  In all other respects, the trial court's judgment is affirmed.

S. POWELL, P.J., and PIPER, J., concur.