[Cite as *State v. Macko*, 2020-Ohio-3410.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2019-08-068 |
| Appellee, | : | O P I N I O N<br>6/22/2020 |
| | : | |
| - vs - | : | |
| | : | |
| CHANCE AUSTIN MACKO, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2019CR00386


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for appellant


**M. POWELL, J.**

{¶ 1} Appellant, Chance Macko, appeals his sentence in the Clermont County Court of Common Pleas for multiple felony offenses.

{¶ 2} In February 2019, appellant pled guilty to a misdemeanor theft offense in the Clermont County Municipal Court (the "misdemeanor theft case"). Appellant failed to

appear at his sentencing hearing on March 13, 2019; the municipal court issued a bench warrant for his arrest.

{¶ 3} On March 21, 2019, appellant was arrested after he was involved in a high-speed chase while driving a stolen vehicle; the arresting officer filed several charges against appellant in the municipal court. That same day, appellant was also served with the bench warrant issued in the misdemeanor theft case.

{¶ 4} On April 1, 2019, appellant was sentenced to 150 days in jail, with credit for 12 days served, in the misdemeanor theft case (the "misdemeanor sentence"). Upon the state's motion, the municipal court dismissed the charges related to the March 21, 2019 high-speed chase incident.

{¶ 5} On April 16, 2019, the Clermont County Grand Jury returned a six-count indictment against appellant (the "felony case"). Counts 1-5 related to the March 21, 2019 high-speed chase incident; Count 6 related to an incident that occurred in the jail in early April. On June 26, 2019, appellant pled guilty to two counts of grand theft auto (Counts 1 and 2), one count of robbery (amended Count 3), one count of failure to comply with the order or signal of a police officer (Count 4), and one count of harassment with bodily substance (Count 6), all felonies. Count 5 was dismissed.

{¶ 6} On July 29, 2019, the trial court sentenced appellant to an aggregate 72-month prison term in the felony case (the "felony sentence") as follows: concurrent 12-month prison terms on Counts 1 and 6; concurrent 30-month prison terms on Counts 2 and 3; and a 30-month prison term on Count 4. The trial court ordered that the 30-month prison term on Counts 2 and 3, the 30-month prison term on Count 4, and the 12-month prison term on Counts 1 and 6 be served consecutively. The trial court gave appellant zero days jail-time credit against the felony sentence. The trial court's July 29, 2019 sentencing entry did not specify whether the felony sentence was concurrent with or consecutive to the

misdemeanor sentence. At the time appellant was sentenced in the felony case, 19 days remained in his misdemeanor sentence.[1]

{¶ 7} Appellant appeals, raising one assignment of error:

{¶ 8} THE TRIAL COURT ERRED IN FAILING TO APPLY JAIL-TIME CREDIT TOWARD APPELLANT'S 72 MONTH PRISON SENTENCE.

{¶ 9} Appellant presents two issues for review. The first issue addresses the trial court's failure to specify whether his felony and misdemeanor sentences were to run concurrently or consecutively. The second issue challenges the trial court's failure to award any jail-time credit against his felony sentence.

{¶ 10} Appellant argues that his felony sentence runs concurrently with his misdemeanor sentence because the trial court failed to specify that the sentences were to run consecutively as required by R.C. 2929.41.

{¶ 11} R.C. 2929.41(A) provides the general rule that sentences are to be served concurrently, subject only to clearly delineated exceptions. *State v. Polus*, 145 Ohio St.3d 266, 2016-Ohio-655, ¶ 10. R.C. 2929.41(B)(1) provides that a sentence imposed for a misdemeanor conviction "*shall be served consecutively* to any other prison term, jail term, or term of imprisonment *when the trial court specifies that it is to be served consecutively* or when it is imposed for a misdemeanor violation of [one of three statutes not applicable here]." (Emphasis added.)

{¶ 12} When a trial court's sentencing entry is silent or the record is ambiguous as to whether the sentences are to be served consecutively, R.C. 2929.41 requires that they be concurrent. *Hamilton v. Adkins*, 10 Ohio App.3d 217, 218 (12th Dist.1983); *State v.*

---

1. As stated above, appellant was sentenced to 150 days in the misdemeanor theft case and given jail-time credit for 12 days. Thus, appellant's misdemeanor sentence was to be completed on August 16, 2019, and appellant had 19 days remaining in that sentence when he was sentenced in the felony case on July 29, 2019.

*Butcher*, 4th Dist. Meigs No. 14CA7, 2015-Ohio-4249, ¶ 26. Because the trial court's July 29, 2019 sentencing entry did not specify that the felony and misdemeanor sentences were to run consecutively, R.C. 2929.41 requires that they be concurrent.  At the time appellant was sentenced in the felony case, 19 days remained in his misdemeanor sentence. Consequently, we find, and the state concedes, that appellant's 72-month felony sentence was concurrent with the 19 days remaining in his misdemeanor sentence at the time the felony sentence was imposed.

{¶ 13} Appellant next challenges the trial court's failure to award any jail-time credit against his felony sentence.  Appellant argues that because his felony and misdemeanor sentences are deemed to run concurrently, he was entitled to 117 days jail-time credit for the period from March 21, 2019, to April 1, 2019, when he was held in jail on both the felony case and misdemeanor theft case prior to sentencing in either case, and the period from his April 16, 2019 indictment to his July 29, 2019 sentencing in the felony case. Alternatively, appellant argues that should he not be entitled to 117 days jail-time credit, he is entitled to 45 days jail-time credit for the March 21, 2019 – April 1, 2019 period when he was incarcerated in both cases prior to any sentencing, and the period from his June 26, 2019 guilty plea to his July 29, 2019 sentencing in the felony case.

{¶ 14} The Equal Protection Clause requires that all time spent in jail prior to trial and prior to commitment by a prisoner who is unable to afford bail must be credited to the prisoner's sentence.  *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7.  This principle is codified in R.C. 2967.191, which requires the department of rehabilitation and correction to "reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial[.]"  "The trial court is required to determine "the number of days of confinement that a

defendant is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶ 7.

{¶ 15} In *Fugate,* the Ohio Supreme Court was asked to determine the proper way to apply jail-time credit when a defendant is sentenced to concurrent sentences. The supreme court held that "when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit." *Fugate* at ¶ 12. "R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held." *Id.* "So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit." *Id.* Thus, "when a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *Id.* at ¶ 22.

{¶ 16} It is undisputed that appellant was held in jail on both the misdemeanor theft case and felony case from March 21, 2019, when he was arrested in the felony case and served with the bench warrant issued in the misdemeanor theft case, until April 1, 2019, when he was sentenced in the misdemeanor theft case. Thus, appellant was held in jail concurrently in both cases from March 21, 2019, until April 1, 2019, for a total of 11 days. Because we found above that the felony and misdemeanor sentences are deemed to run concurrently pursuant to R.C. 2929.41, appellant was entitled to 11 days jail-time credit in the felony case pursuant to R.C. 2967.191 and *Fugate*. The trial court, therefore, erred in failing to award appellant the 11 days jail-time credit in the felony case.[2]

{¶ 17} Appellant, however, is not entitled to any jail-time credit for the period from his

---

2. As stated above, appellant was awarded jail-time credit in the misdemeanor theft case for the period from March 21, 2019, until April 1, 2019, when he was sentenced to 150 days on April 1, 2019.

- 5 -

April 16, 2019 indictment to his July 29, 2019 sentencing in the felony case (such period necessarily includes the June 26, 2019 - July 29, 2019 period argued by appellant as an alternative). That is because appellant was serving his misdemeanor sentence during that time period. "[J]ail time credit is not appropriate where the defendant was serving a sentence for a separate offense." *State v. Russell*, 2d Dist. Montgomery No. 26503, 2015-Ohio-3373, ¶ 41. The fact that appellant's felony and misdemeanor sentences are deemed to be concurrent pursuant to R.C. 2929.41 does not mandate a different result. *State v. Spears*, 2d Dist. Montgomery No. 25645, 2014-Ohio-145, ¶ 13.[3]

{¶ 18} Appellant began serving his 150-day misdemeanor sentence on April 1, 2019. That sentence was to be completed on August 16, 2019. Appellant began serving his 72-month felony sentence on July 29, 2019. Appellant argues that because the sentences are deemed concurrent, he is entitled to jail-time credit for that portion of the time he was incarcerated while serving the misdemeanor sentence, before the felony sentence was imposed, whether it be from April 16, 2019, or alternatively, from June 26, 2019.

{¶ 19} This issue was addressed and rejected by the Second Appellate District in *Russell, Spears*, and *State v. Ways*, 2d Dist. Montgomery No. 25214, 2013-Ohio-293, as follows.[4]

---

3. Appellant cites *Spears* for the proposition that "at least one court has awarded jail-time credit for the period of time between plea and sentencing." In that case, the defendant served a sentence in a misdemeanor case during the pendency of his felony case. The *trial court* awarded the defendant jail-time credit for the period between his plea and sentencing in his felony case. However, the propriety of doing so was not before the Second Appellate District. The court of appeals was tasked only with addressing whether the defendant was entitled to jail-time credit in his felony case for the period from the commencement of his misdemeanor sentence to his guilty plea in the felony case. Furthermore, a review of the facts in *Spears* indicates that the misdemeanor sentence was completed on the day the defendant pled guilty in the felony case. *Spears*, therefore, does not stand for the proposition advanced by appellant.

4. In *Spears* and *Russell*, the defendant served a sentence in a misdemeanor case during the pendency of a felony case. In *Ways*, the defendant served a sentence in a felony case during the pendency of another felony case. In all three cases, the defendants argued that because their sentences were concurrent, the trial court erred in failing to award jail-time credit for the period they served the sentence previously imposed in a separate case.

{¶ 20} "'[T]he fact that sentences run concurrently merely means that the prisoner is given the privilege of serving each day a portion of each sentence.'" *Ways* at ¶ 9, quoting *Bobo v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-118, 2011-Ohio-4984, ¶ 13. "[W]here a sentence is imposed *concurrently* with a sentence that has already been imposed, and which the defendant has already begun serving, the defendant is given the comparative luxury of serving each day of his second sentence, beginning with the first day, concurrently with a day served on the first sentence." (Emphasis sic.) *Ways* at ¶ 10. "Thus, if the new sentence is imposed and put into execution on the 100th day of the old sentence, the defendant is allowed to serve the first day of his new sentence while, at the same time, serving the 100th day of the old sentence." *Id.*

{¶ 21} R.C. 2967.191 does not "include time that the prisoner was incarcerated by reason of a sentence previously imposed for a different offense, even if that prior sentence is one with which the present sentence is ordered to be served concurrently." *Ways*, 2013-Ohio-293 at ¶ 20; *Russell*, 2015-Ohio-3373 at ¶ 44. "Disallowing, for purposes of jail-time credit, periods of time that a prisoner has been incarcerated by reason of a sentence previously imposed and begun does not violate Equal Protection." *Ways* at ¶ 21.

{¶ 22} In 2018, the Ohio Supreme Court addressed a similar issue in *State v. Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211. Cupp was incarcerated on a probation violation arising from an unrelated case when he pled guilty to felony offenses. At sentencing, the trial court declined to award him jail-time credit for the period he was incarcerated from the time his bond was revoked as a result of his guilty plea to the day his sentence for the probation violation ended. The court of appeals reversed the trial court's decision, finding that Cupp was entitled to credit for the entire time he was incarcerated because his bail was revoked. The supreme court reversed the court of appeals' decision, finding that "even if Cupp had posted bond, he could not have been released from incarceration, because his

- 7 -

confinement did not arise at that time out of the felony offenses; rather, his confinement related to the probation violation regarding the domestic-violence charge." *Id.* at ¶ 22. The supreme court then held, "A defendant is not entitled to jail-time credit while held on bond if, at the same time, the defendant is serving a sentence on an unrelated case." *Id.* at ¶ 24.

{¶ 23} At the time appellant was sentenced to a jail term in the misdemeanor theft case on April 1, 2019, he had not yet been convicted and sentenced in the felony case, and therefore, was not yet serving his prison term for the felony offenses. Or stated otherwise, appellant was already serving his misdemeanor sentence when he was indicted in the felony case on April 16, 2016. As in *Cupp*, even if appellant had been able to post bond after he was indicted in the felony case, he could not have been released from incarceration because his confinement arose out of the misdemeanor theft case and not out of the felony case.

{¶ 24} In light of *Cupp* and the Second Appellate District cases, we find that appellant was not entitled to a jail-time credit against his 72-month felony sentence for that portion of the 150-day misdemeanor sentence that had already been served when the felony sentence was imposed.

{¶ 25} Appellant's assignment of error is sustained.

{¶ 26} The duty to properly calculate the number of days to be credited lies solely with the trial court which imposes the actual sentence. *State v. Dobbins*, 12th Dist. Butler Nos. CA2019-04-061 thru CA2019-04-063, 2020-Ohio-726, ¶ 30. Only after the trial court makes this determination and includes it in the sentencing entry may the department of rehabilitation and correction credit the time served. *Id.* A trial court's failure to properly calculate an offender's jail-time credit amounts to plain error. *Id.* at ¶ 17.

{¶ 27} The trial court's judgment is reversed and this case is remanded to the trial court for the limited purpose of amending the July 29, 2019 sentencing entry to reflect the

11 days jail-time credit to which appellant is entitled in the felony case.  In all other respects, the trial court's judgment is affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.