[Cite as *State v. Chasteen*, 2014-Ohio-3780.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-11-204 |
| | : | O P I N I O N |
| - vs - | | 9/2/2014 |
| | : | |
| BRANDON A. CHASTEEN, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2013-06-0899

Michael T. Gmoser, Butler County Prosecuting Attorney, Kimberly L. McManus, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher P. Frederick, 304 North Second Street, Hamilton, Ohio 45011, for defendant-appellant

**PIPER, J.**

{¶ 1} Defendant-appellant, Brandon Chasteen, appeals his sentence in the Butler County Court of Common Pleas for multiple counts of burglary, grand theft, theft, and vandalism.

{¶ 2} In 2011, Chasteen was arrested for theft-related offenses. The indictment charged a single count of grand theft, and two counts of theft from an elderly person in case

number CR2011-10-1689. Chasteen pled guilty to amended counts of theft and grand theft, and the trial court sentenced him to an aggregate four-year sentence. The trial court stayed the sentence, ordered Chasteen to complete a drug rehabilitation program, and placed Chasteen on community control for five years.

{¶ 3} In 2013, and while he was on community control for his 2011 crimes, Chasteen committed burglary when he broke into two separate homes and stole the homeowners' jewelry collections. Chasteen was arrested on May 31, 2013, and charged with two counts of burglary, one count of grand theft, two counts of vandalism, and one count of theft in case number CR2013-06-0899. Bond was set at $250,000, but Chasteen did not post bond and was incarcerated from the time of his arrest. On June 4, 2013, the Butler County probation department filed a notice of violation, and the trial court held a hearing two days later and found that Chasteen had violated the terms of his community control in case number CR2011-10-1689. The trial court ordered Chasteen held in custody for his community control violation.

{¶ 4} Although Chasteen originally pled not guilty to the 2013 charges, he reached a plea agreement with the state and pled guilty to amended charges. The trial court sentenced Chasteen to serve an aggregate sentence of seven years for his crimes specific to case number CR2013-06-0899. 133 days passed between Chasteen's arrest for his 2013 crimes and sentencing, all of which Chasteen spent in jail.

{¶ 5} At the time of sentencing for his 2013 crimes, the trial court found that Chasteen violated the terms of his community control in case number CR2011-10-1689. The trial court revoked community control through an administrative termination, and gave Chasteen 461 days jail-time credit toward his 2011 crimes in case number CR2011-10-1689, but gave no jail credit toward Chasteen's 2013 crimes in case number CR2013-06-0899. Chasteen now appeals the trial court's decision to not give him 133 days of jail-time credit

- 2 -

toward his 2013 crimes, raising the following assignment of error:

{¶ 6} THE TRIAL COURT IMPOSED A SENTENCE CONTRARY TO LAW WHEN IT FAILED TO GIVE MR. CHASTEEN JAIL-TIME CREDIT.

{¶ 7} Chasteen argues in his sole assignment of error that the trial court erred when it did not give him 133 days jail-time credit toward his 2013 crimes in case number CR2013-06-0899.

{¶ 8} Relying on the principles inherent in the Equal Protection Clause, courts have held that defendants who are unable to afford bail must be credited for the time they are confined while awaiting trial. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7. "The Equal Protection Clause requires that *all* time spent in any jail prior to trial and commitment by a prisoner who is unable to make bail because of indigency *must* be credited to his sentence." *Id.* (Emphasis sic).

{¶ 9} The Ohio legislature codified this principle within R.C. 2967.191, which states that "the department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *." The trial court makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence. *State v. Rarden*, 12th Dist. Butler Nos. CA2008-08-185 to 187 and CA2008-08-189 to 191, 2009-Ohio-5637, ¶ 10, citing *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶ 7.

{¶ 10} In *Fugate*, the court was asked to determine the proper way to apply jail-time credit when a defendant is sentenced to concurrent sentences. The court held, "when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit." 2008-Ohio-

856 at ¶ 12. The court reasoned that "R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held." *Id.* The court went on to hold that "so long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit." *Id.* Based upon this law, Chasteen argues that his 133 days spent in jail should be credited to his 2013 crimes as well.

{¶ 11} Despite Chasteen's argument, the trial court properly credited the 133 days toward Chasteen's 2011 crimes under case number CR2011-10-1689. "Although the principle of crediting time served seems fairly simple on its face, in practice, it can be complicated when, inter alia, the defendant is charged with multiple crimes committed at different times, or when the defendant is incarcerated due to a probation violation." *State v. Haley*, 12th Dist. Butler No. CA2012-10-212, 2013-Ohio-4531, ¶ 21, quoting *State v. Chafin*, 10th Dist. Franklin No. 06AP-1108, 2007-Ohio-1840, ¶ 9. An offender is not entitled to jail time credit for any period of incarceration that arose from facts which are separate and apart from those on which his current sentence is based. *Haley* at ¶ 21, citing *State v. DeMarco*, 8th Dist. Cuyahoga No. 96605, 2011-Ohio-5187, ¶ 10. As such, a trial court does not give jail-time credit for time served on unrelated offenses, "even if that time served runs concurrently during the pre-detention phase of another matter." *Haley* at ¶ 21, quoting *State v. Maddox*, 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140, ¶ 31.

{¶ 12} For example, this court found that an appellant was not entitled to any additional jail-time credit where he was confined on unrelated charges and "was not being held solely on the robbery offense for which he was convicted and sentenced." *State v. Bradford*, 149 Ohio App.3d 586, 2002-Ohio-5508, ¶ 7 (12th Dist.).

{¶ 13} The record indicates that Chasteen was arrested and incarcerated for committing burglary, theft, and vandalism. Almost immediately, the Butler County Probation

- 4 -

Department notified the trial court of Chasteen's violation of community control, and the court specifically ordered Chasteen held for his violation of community control. While the detention originated from the 2013 crimes, such detention was also based upon Chasteen's violation of his community control so that the trial court gave Chasteen jail-time credit specific to the 2011 crimes under case number CR2011-10-1689.

{¶ 14} Despite Chasteen's reliance on *Fugate*, the facts and circumstances of the case at bar are distinguishable. Although *Fugate* specifically held that jail-time credit must be given when sentences are run concurrently, the trial court did not run Chasteen's seven-year aggregate sentence in case number CR2013-06-0899 concurrent to any sentence for Chasteen's 2011 crimes in case number CR2011-10-1689. Instead, the trial court administratively dismissed CR2011-10-1689 as unsuccessful community control, and ordered no imposition of the four-year sentence that had been stayed in that case. Essentially, the trial court sentenced Chasteen to 461 days, and then credited 461 days toward that sentence. Chasteen, however, was never ordered to serve any more time for his 2011 crimes under case number CR2011-10-1689, and thus, *Fugate* is not applicable because there were no concurrent sentences imposed for Chasteen's 2011 and 2013 crimes.

{¶ 15} Multiple other courts have recognized that *Fugate* is not applicable when the trial court essentially sentences the defendant to 'time served' for a community control violation but does not run the community control violation concurrent with the sentence for the new crimes. *See State v. Speakman*, 10th Dist. Franklin Nos. 08AP-456 to 458, 2009-Ohio-1184, ¶ 13 (finding *Fugate* distinguishable where "the court sentenced appellant to an amount of time equal to the amount of jail time credit he had, which resulted in appellant having already served his sentence for the community control violation by the time of the sentencing hearing"); *State v. Maddox*, 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140, ¶ 49 (finding *Fugate* inapplicable where the trial court did not order appellant to concurrent

sentences for his probation violation and new crimes, and instead, "essentially sentenced Maddox to time served for those violations"); and *State v. Smith*, 10th Dist. Franklin Nos. 08AP-736, 09AP-72, 2009-Ohio-2166, ¶ 48 (finding *Fugate* inapplicable where the trial court's "express intention was to apply all of the time to the community control violation as the full sentence for that violation" so that there were no concurrent sentences imposed).

**{¶ 16}** After reviewing the record, we find that this is not a case where Chasteen was sentenced to concurrent prison time for his violation of community control and his new 2013 crimes. Rather, Chasteen completed his prison sentence under the community control violation before he was sentenced for his 2013 crimes under case number CR2013-06-0899.[1] Accordingly, the 461-day sentence and the seven-year aggregate sentence could not be served simultaneously, and *Fugate* is inapplicable for that reason. As such, the trial court did not err in calculating Chasteen's jail-time credit, and Chasteen's assignment of error is overruled.

**{¶ 17}** Judgment affirmed.

RINGLAND, P.J., and S. POWELL, J., concur.

---

1. Chasteen argues that his sentence for the 2011 crimes was not terminated until after he was sentenced on his 2013 charges so that *Fugate* is applicable. However, the trial court expressly stated at the time it sentenced Chasteen for the 2013 crimes that it was applying all jail-time credit to Chasteen's probation violation. The trial court addressing the probation violation mere seconds after imposing sentence for the 2013 crimes did not change the fact that the trial court administratively terminated the 2011 community control after essentially sentencing Chasteen to time served, or change the fact that Chasteen had completed his 461-day sentence before the trial court sentenced him on the 2013 charges. Whether the trial court terminated the 2011 case prior to or after sentencing Chasteen on the 2013 charges does not change the fact that no concurrent sentences were imposed.