[Cite as *State v. Tibbs*, 2019-Ohio-4721.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2019-02-027 |
| Appellee, | : | O P I N I O N<br>11/18/2019 |
| | : | |
| - vs - | : | |
| | : | |
| ABRAHAM Q. TIBBS, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-01-0010


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Christopher Paul Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for appellant



**M. POWELL, J.**

{¶ 1} Appellant, Abraham Tibbs, appeals his sentence in the Butler County Court of Common Pleas for multiple felony offenses.

{¶ 2} On December 23, 2017, Tibbs was arrested for committing several felonies and also on a capias issued pursuant to notices of community control violations in three

separate cases (the "Community Control Cases").[1]   As a result of his arrest, Tibbs was incarcerated on December 23 and remained incarcerated for the duration of the case. Thereafter, in February 2018, Tibbs was indicted in Case No. CR2018-01-0010 for tampering with evidence, having weapons while under disability, improperly handing firearms in a motor vehicle, aggravated possession of drugs, possession of cocaine, aggravated possession of drugs, and two counts of possession of drugs (the "Felony Case").  Five counts of the indictment included a forfeiture specification.  The trial court subsequently held a plea hearing on June 25, 2018, during which Tibbs pleaded guilty to having weapons while under disability, aggravated possession of drugs, and possession of cocaine, as well as the cash forfeiture specification.

{¶ 3}   During the plea hearing, the trial court noted that Tibbs was also charged with violating the terms and conditions of his community control in the Community Control Cases.  Tibbs admitted to the alleged community control violations.  Based upon Tibbs' admissions and a probation violation report, the trial court found that Tibbs had violated the terms and conditions of his community control sanction in the Community Control Cases.

{¶ 4}   On August 21, 2018, the trial court held a joint sentencing hearing for the Felony Case and the Community Control Cases.  The trial court found, with regard to the Community Control Cases, that Tibbs was no longer amenable to available community control sanctions.  In one of the Community Control Cases, the trial court found that Tibbs

---

1. A review of the information available on the online docket for each of the Community Control Cases, which we are permitted to take judicial notice of pursuant to Evid.R. 201, reveals that notices of community control violations were filed in each case on November 15, 2017.  A capias for Tibbs' arrest was issued that day, which was served upon Tibbs on December 23, 2017.  After Tibbs' arrest on December 23, the notices were amended to include a violation that resulted from his felony charges.

had no time left to serve and administratively terminated community control.[2]  In the remaining two Community Control Cases, the trial court credited Tibbs with 152 days served, found that he had no further time to serve in the cases and administratively terminated community control.  The trial court then explained, "[s]o on your probation violations, Mr. Tibbs, I'm not giving you any time.  I'm just closing those out, but it's not going to be the same on the new charge."  At that time, the trial court addressed the Felony Case, found that Tibbs was not amenable to available community control sanctions, and imposed 36-month prison terms upon each of the three counts.  The trial court then ordered the three prison terms to run consecutively to each other, for an aggregate 108-month prison term.  The trial court further noted that it was giving Tibbs no jail-time credit in the Felony Case, and that Tibbs would "start fresh" with the 108-month sentence.

{¶ 5}  On August 27, 2018, the trial court memorialized its findings from the sentencing hearing in a judgment entry.  In doing so, the trial court found Tibbs guilty of the three charges and sentenced him to prison for the aggregate 108-month term.  The trial court further found that Tibbs would receive "[c]redit for 0 days served as of this date, as all credit days were applied to [the Community Control Cases]."

{¶ 6}  Tibbs now appeals, raising one assignment of error.

{¶ 7}  Assignment of Error No. 1:

{¶ 8}  THE TRIAL COURT IMPOSED A SENTENCE CONTRARY TO LAW WHEN IT FAILED TO GIVE MR. TIBBS JAIL-TIME CREDIT.

{¶ 9}  Tibbs argues that the trial court erred when it failed to credit him with the time he was confined in the county jail after his arrest.  Specifically, Tibbs contends that he was

---

2. The record does not reflect what time Tibbs had left to serve on this particular Community Control Case. Thus, we will presume regularity in the proceedings and that the entire 241 days during which Tibbs was confined between his December 23, 2017 and arrest and August 21, 2018 sentencing was properly allocated to this case.

held in the county jail for 241 days from December 23, 2017 until the sentencing hearing on August 21, 2018. As a result, Tibbs asks this court to modify his sentence and apply his confinement credit against the aggregate prison term imposed in the Felony Case.[3]

{¶ 10} The Equal Protection Clause requires that all time spent in jail prior to trial and prior to commitment must be credited to the prisoner's sentence. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7. This principle is codified in R.C. 2967.191, which states, in relevant part:

> The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial[.]

(Emphasis added.)

{¶ 11} Despite the department of rehabilitation and correction's duty to reduce the prison term of the prisoner, the trial court is required to determine "the number of days of confinement that a defendant is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶ 7. "This information is required to be included within the sentence and entry." *State v. Stefanopoulos*, 12th Dist. Butler No. CA2011-10-187, 2012-Ohio-4220, ¶ 4. Accordingly, it is the trial court that makes the factual determination as to the number of days a confined defendant is entitled to have credited toward his sentence. *State v. Chasteen*, 12th Dist. Butler No. CA2013-11-204, 2014-Ohio-3780, ¶ 9; R.C. 2929.19(B)(2)(h)(i).

{¶ 12} In *Fugate*, the supreme court held:

---

3. Tibbs does not challenge the manner in which the trial court allocated his confinement credit to the Community Control Cases but only that the time should also have been credited against the prison term imposed in the Felony Case.

[W]hen concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit. R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held. If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be, as in this case, to deny credit for time that an offender was confined while being held on pending charges. So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit.

*Fugate* at ¶ 12. The import of *Fugate* is that an offender is constitutionally entitled to credit against a sentence of incarceration for time held in jail pending sentencing, but in applying confinement credit, "concurrent and consecutive terms are to be treated differently[.]" *Id.* at ¶ 11. The rule of *Fugate*, that confinement credit is to be applied to all terms of incarceration, is limited to concurrent sentences.

{¶ 13} In *Chasteen*, we affirmed the trial court's decision to award jail-time credit solely to a sentence imposed for a community control violation even though the defendant was also being held on the charges for which he was later sentenced to a seven-year prison term. Chasteen was on community control when he committed several theft-related offenses. As a result of his offenses, Chasteen was arrested and incarcerated until his sentencing occurred. The trial court sentenced Chasteen to 461 days for the community control violations, credited him with 461 days served in jail awaiting sentencing and then terminated community control. The trial court then sentenced Chasteen to seven years for his theft-related crimes. Distinguishing *Fugate,* we held that Chasteen was not entitled to credit against the prison term imposed for the theft offenses, because the trial court had not ordered the community control violation sentence to be served concurrently with the prison term for the theft offenses.

{¶ 14} After reviewing the record, we find that the trial court properly allocated Tibbs'

confinement credit solely to the Community Control Cases. We further find that, like *Chasteen*, and unlike the appellant in *Fugate*, Tibbs was not sentenced to concurrent terms of incarceration for his community control violations and the felony charges. By virtue of the trial court's crediting the time Tibbs was confined in the county jail awaiting sentencing to the Community Control Cases, Tibbs had completed his sentence for those cases as of the time he was sentenced in the Felony Case. Thus, the sentence for the Community Control Cases could not be served simultaneously with the 108-month prison term imposed in the Felony Case. Accordingly, Tibbs was not entitled to have the 241 days credited toward the prison term imposed in the Felony Case.

{¶ 15} In light of the foregoing, the trial court did not err in calculating Tibbs' jail-time credit, and Tibbs' assignment of error is overruled.

{¶ 16} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.