[Cite as *State v. Cunningham*, 2021-Ohio-1861.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

               CASE NO. 9-20-45

  PLAINTIFF-APPELLEE,

  v.

LEXY CUNNINGHAM,       O P I N I O N

  DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 20-CR-356

Judgment Affirmed

Date of Decision: June 1, 2021

APPEARANCES:

 *W. Joseph Edwards* **for Appellant**

 *Nathan Heiser* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Lexy R. L. Cunningham ("Cunningham") appeals the judgment of the Marion County Court of Common Pleas, alleging that the trial court erred in the process of awarding her jail-time credit. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On April 2, 2020, Cunningham was placed under the supervision of the Marion County Adult Probation Department as part of Case #19-CR-0307. PSI. This supervision was set to expire on October 2, 2022. PSI. However, on September 3, 2020, the police executed a search warrant of Cunningham's apartment. Doc. 11. During this search, the police discovered a firearm in the apartment and pictures of Cunningham in possession of this firearm. Doc. 11. At the time of the search, Cunningham was still subject to a weapons disability as part of Case #19-CR-0307. Doc. 11.

{¶3} On September 16, 2020, Cunningham was indicted on one count of having weapons while under disability in violation of R.C. 2923.13(A)(3), a felony of the third degree. Doc. 1. This charge became the basis of Case #20-CR-0356. Doc. 2. On November 10, 2020, Cunningham pled guilty to one count of attempting to have weapons while under disability in violation of R.C. 2923.02(A), R.C. 2923.13(A)(3), a felony of the fourth degree. Doc. 15. The trial court then accepted this plea of guilty. Doc. 17.

{¶4} On November 23, 2020, the trial court held a probation violation disposition for Case #19-CR-0307 and a sentencing hearing for Case #20-CR-0356. Tr. 1, 9. Doc. 17. At this hearing, the following exchange occurred over the amount of jail-time credit that Cunningham had accrued:

> [Trial Court]: * * * [H]elp me out with jail time credit.
>
> [Defense]: There's 174 days as of and including today on [Case #19-CR-0307].
>
> [Trial Court]: 174?
>
> [Defense]: Yes.
>
> [Trial Court]: And does that mean that there are the same number on [Case #20-CR-0356] or the PSI report is 68—
>
> [Defense]: 68 days of the report—
>
> [Trial Court]: Those 68 days are part of the 174?
>
> [Defense]: Yes.
>
> [Trial Court]: Very good. Parties agree?
>
> [State]: Yes, Your Honor.

Tr. 3.[1] The following exchange then occurred:

> [Trial Court]: With regard to [Case #19-CR-0307], the Court is gonna find 180 days of jail time credit and terminate the case as

---

[1] The indictment that formed the basis of Case #20-CR-0356 was filed on September 16, 2017. Doc. 1. Before this indictment, Cunningham had apparently accrued 106 days of jail-time credit in Case #19-CR-0307. Tr. 3. After this indictment, Cunningham was in jail for another sixty-eight days in between September 17, 2020 and November 23, 2020. PSI. Thus, she apparently had a total of 174 days of jail-time credit by the time of the sentencing hearing on November 23, 2020. Tr. 3. Since we do not have the record for Case #19-CR-0307 before us, we do not know the timeframe in which Cunningham received the other 106 days of jail-time credit in Case #19-CR-0307. However, the parties agreed on the total jail-time credit tabulation of 174 days. Tr. 3.

**unsuccessful, imposing no additional fine or sanction. Due to the credit for all jail time credit on the '19 case [#19-CR-0307] the Court is finding zero days of jail time credit apply on [Case #20-CR-0356]. Counsel, have I neglected anything?**

**[Prosecution]: No, Your Honor.**

**[Trial Court]: Mr. Crawford?**

**[Defense]: I guess you're—you're saying there's no jail time credit on the '20 case [#20-CR-0356]?**

**[Trial Court]: So the time that she spent in jail on the '20 case [#20-CR-0356] was between September 17th to today. So those 68 days, she was on a holder on the '19 case [#19-CR-0307]. So I've given her jail time credit on the '19 case and I'm giving her double jail time credit so she has zero days on * * * case [#20-CR-0356]. * * ***

**[Defense]: Okay, Your Honor. That's fine.**

Tr. 10-11. In Case #20-CR-0356, the trial court ordered Cunningham to serve a seventeen-month prison sentence. Doc. 17. Tr. 11.

*Assignment of Error*

{¶5} The appellant filed her notice of appeal on December 11, 2020. Doc. 21. On appeal, Cunningham raises the following assignment of error:

**Appellant believes the trial court erred in computing jail time credit when it gave defendant-appellant credit for 180 days towards probation violation rather than applying it to subsequent case thereby violating her rights under the United States and Ohio State Constitutions.**

While Cunningham states, in her brief, that she "believes that the trial court sentenced [her] * * * in accordance with Ohio law," she also argues that "she should have been awarded some amount of jail time credit."[2]  Appellant's Brief, 5.

*Legal Standard*

{¶6} "The practice of awarding jail time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions."  *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 7.  "The General Assembly provides for jail-time credit in R.C. 2967.191(A) for those sentenced to prison."  *State v. Reed*, 2020-Ohio-4255, --- N.E.3d ---, ¶ 14.  This provision reads, in its relevant part, as follows:

> **The department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason *arising out of the offense for which the prisoner was convicted and sentenced*, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, * * * and confinement in a juvenile facility.**

(Emphasis added.)  R.C. 2967.191(A).  While the wording of this provision is directed at the Ohio Department of Rehabilitation and Correction, the trial court is to determine "the number of days of confinement that a defendant is entitled to have

---

[2] At the sentencing hearing, defense counsel did not raise an objection over the issue of jail-time credit and even appeared to affirm the trial court's determination on this matter.  Tr. 10-11.  The failure to raise an objection before the trial court waives all but plain error on appeal.  However, "[a] trial court's failure to properly calculate a felony offender's jail-time credit * * * and to include the amount of jail-time credit in the body of the offender's sentencing judgment entry is plain error."  *State v. Mills*, 10th Dist. Franklin No. 09AP-198, 2009-Ohio-6273, ¶ 13.  *See State v. Curtis*, 3d Dist. Allen No. 1-15-55, 2016-Ohio-6978, ¶ 84.

credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7.

{¶7} "Although the principle of crediting time served seems fairly simple on its face, in practice, it can be complicated when * * * the defendant is charged with multiple crimes committed at different times, or when the defendant is incarcerated due to a probation violation." *State v. Chafin*, 10th Dist. Franklin No. 06AP-1108, 2007-Ohio-1840, ¶ 9. In *State v. Fugate*, the Ohio Supreme Court held that "defendants who are unable to afford bail must be credited for the time they are confined while awaiting trial." *Fugate* at ¶ 7.

> **When a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence. However, when a defendant is sentenced to concurrent terms, credit must be applied against all terms, because the sentences are served simultaneously. If an offender is sentenced to concurrent terms, applying credit to one term only would, in effect, negate the credit for time that the offender has been held.**

*Fugate* at ¶ 22. "The rule of *Fugate*, that [jail-time] * * * credit is to be applied to all terms of incarceration, is limited to concurrent sentences." *State v. Tibbs*, 12th Dist. Butler No. CA2019-02-027, 2019-Ohio-4721, ¶ 12, citing *Fugate* at ¶ 12. Further,

> **courts have recognized that *Fugate* is not applicable when the trial court essentially sentences the defendant to 'time served' for a community control violation but does not run the community control violation concurrent with the sentence for the new crimes.**

*State v. Chasteen*, 12th Dist. Butler No. CA2013-11-204, 2014-Ohio-3780, ¶ 15, citing *State v. Maddox*, 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140, ¶ 49 (applying the reasoning relied upon in *Chasteen* but to the context of a probation violation); *Fugate* at ¶ 12. Finally, "[i]t is appellant's duty to show an error in the jail-time credit calculation * * *." *State v. Reeves*, 10th Dist. Franklin No. 09AP-493, 2010-Ohio-4018, ¶ 33.

*Legal Analysis*

**{¶8}** In this situation, Cunningham had a total of 174 days of jail-time credit at the time that she was sentenced. Tr. 3. At her sentencing hearing, the trial court effectively ordered a 180 day sentence for Case #19-CR-0307 and a seventeen month sentence for Case #20-CR-0356. The trial court then applied the entirety of Cunningham's accrued jail-time credit to the sentence for Case #19-CR-0307; zeroed out the 180 day sentence for this case; and "terminated the case as unsuccessful, imposing no additional fine or sanction." Tr. 10-11.

**{¶9}** By applying the jail-time credit in this manner, the trial court essentially treated Cunningham as though she had served her prison sentence for Case #19-CR-0307 by the time of her sentencing hearing on November 23, 2020. *State v. Dobbins*, 12th Dist. Butler No. CA2019-04-061, 2020-Ohio-726, ¶ 17. The trial court then ordered a seventeen-month prison sentence for Case #20-CR-0356 that was to be served in the seventeen months following her sentencing hearing on November 23, 2020. Doc. 17.

{¶10} Thus, there are two relevant periods of confinement in this situation: the 174 days Cunningham had served in jail before her sentencing hearing and the seventeen months she was to ordered to serve in prison after her sentencing hearing. Tr. 3, 10-11. The period of confinement before November 23, 2020 functioned as the sentence for Case #19-CR-0307 while the period of confinement to come after November 23, 2020 was to be the sentence for Case #20-CR-0356. In other words, these two periods of confinement are not concurrent sentences. *See Fugate*, *supra*, at ¶ 22; *Tibbs, supra*, at ¶ 12.

{¶11} Other appellate districts have upheld this method of applying jail-time credit as time served for a probation or community control violation. *State v. Williams*, 8th Dist. Cuyahoga No. 104155, 2016-Ohio-8049, ¶ 19; *Maddox*, *supra*, at ¶ 49; *State v. Allen*, 2020-Ohio-5155, 162 N.E.3d 125, ¶ 45 (10th Dist.); *State v. Speakman*, 10th Dist. Franklin Nos. 08AP-456, 08AP-457, 08AP-458, 2009-Ohio-1184, ¶ 12; *Dobbins* at ¶ 22; *State v. Wilson*, 12th Dist. Butler No. CA2015-03-058, 2015-Ohio-4231, ¶ 18-20.

{¶12} In her brief, Cunningham argues "that she should have been awarded some amount of jail time credit" in Case #20-CR-0356. Appellant's Brief, 5. However, the trial court applied all of the jail-time credit that Cunningham had accrued by November 23, 2020 to the sentence in Case #19-CR-0307. Tr. 3, 10-11. In fact, by zeroing out her sentence for Case #19-CR-0307, the trial court gave Cunningham 180 days of jail-time credit, even though she had accrued only 174

days of jail-time credit. Tr. 3, 10-11. Thus, Cunningham received the benefit of six additional days of jail-time credit in this situation.

{¶13} While Cunningham had spent sixty-eight days in jail after she was indicted in Case #20-CR-0356, these days were included in the 174 days of jail-time credit that were applied in Case #19-CR-0307. If these sixty-eight days were applied to Cunningham's seventeen month prison sentence in Case #20-CR-0356, the trial court would have given her jail-time credit for the period in between September 17, 2020 and November 23, 2020 two times. *State v. Lemaster*, 4th Dist. Pickaway No. 01CA10, 2001 WL 1674108, *2 (Dec. 26, 2001).

{¶14} Further, while none of the jail-time credit that Cunningham had accrued *before* her sentencing hearing was applied to the sentence imposed in Case #20-CR-0356, the trial court did order that any jail-time credit that Cunningham accrued *after* the date of sentencing be applied to her sentence in Case #20-CR-0356. Doc. 17.

> **It is further ordered that the defendant be given credit for 0 days of local jail that she was confined through the date of sentencing for any reason arising out of this offense,** *plus any additional days the defendant is confined between the date of sentencing and the date committed to the Ohio Reformatory for Women***.**

(Emphasis added.) Doc. 17. Thus, the trial court ensured that Cunningham would receive jail-time credit in Case #20-CR-0356 for any days she spent in jail beyond the date of her sentencing hearing.

*Conclusion*

**{¶15}** Having reviewed the materials in the record, we conclude that Cunningham has not established that the trial court erred in applying Cunningham's jail-time credit in these cases. As such, her sole assignment of error is overruled. Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Marion County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**