[Cite as *State v. Ochoa*, 2023-Ohio-978.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                   CASE NO. 5-22-19

      v.

RODOLFO S. OCHOA,                        O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                   CASE NO. 5-22-20

      v.

RODOLFO S. OCHOA,                        O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                   CASE NO. 5-22-22

      v.

RODOLFO S. OCHOA,                        O P I N I O N

      DEFENDANT-APPELLANT.

Case No. 5-22-19, 5-22-20 and 5-22-22

**Appeals from Hancock County Common Pleas Court**
**Trial Court Nos. 2020-CR-288, 2021-CR-440, 2017-CR-112**

**Judgments Affirmed**

**Date of Decision:  March 27, 2023**

**APPEARANCES:**

*W. Alex Smith* **for Appellant**

*Phillip A. Riegle* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Rodolfo Ochoa ("Ochoa") brings this appeal from the judgments of the Court of Common Pleas of Hancock County revoking and terminating community control and imposing prison terms in two other cases.  On appeal, Ochoa argues that the trial court improperly allocated jail credit in violation of R.C. 2929.41(A).  For the reasons set forth below, the judgments are affirmed.

*Appellate Case Number 5-22-19*

{¶2} On October 6, 2020, the Hancock County Grand Jury indicted Ochoa on two counts of possession of a controlled substance, both felonies of the fifth

degree. ADoc. 1[1]. Ochoa entered pleas of guilty to both counts on July 8, 2021. Doc. 32. The trial court accepted the pleas and found Ochoa to be guilty. ADoc. 34. A sentencing hearing was scheduled for October 21, 2021, but Ochoa failed to appear for the hearing. ADoc. 34 and 37. A bench warrant was issued on November 8, 2021, and Ochoa was taken into custody on January 13, 2022. ADoc. 41. On July 21, 2022, the trial court held a sentencing hearing. ADoc. 55. The trial court imposed a prison term of ten months on each count and ordered them to be served concurrently to each other. ADoc. 55. The sentence was also ordered to be served concurrently to a 17 month prison sentence imposed in appellate case number 05-22-20, for an aggregate prison term of 17 months. ADoc. 55. The trial court granted Ochoa 12 days of jail time credit, excluding conveyance time. ADoc. 55. Ochoa appealed from this judgment. ADoc. 60.

*Appellate Case Number 5-22-20*

**{¶3}** On November 2, 2021, the Hancock County Grand Jury indicted Ochoa on one count of failure to appear, a felony of the fourth degree. BDoc. 1.[2] Ochoa entered a plea of guilty to the indictment on May 9, 2022. BDoc. 16. The trial court accepted the guilty plea and found Ochoa to be guilty. BDoc. 19. On July 21, 2022, a sentencing hearing was held and Ochoa was sentenced to a prison term of 17

---

[1] As there are three different records in this case, the docket associated with appellate case number 5-22-19 will be identified as "ADoc."

[2] The docket associated with appellate case number 5-22-20 will be identified as "BDoc."

months to be served concurrently to the sentence imposed in appellate case number 5-22-19. BDoc. 20. Ochoa appealed from this judgment. BDoc. 24.

*Appellate Case Number 5-22-22*

**{¶4}** On March 14, 2017, the Hancock County Grand Jury indicted Ochoa on one count of failure to appear, a felony of the fourth degree. CDoc. 1.[3] Ochoa entered a plea of guilty to the indictment on October 2, 2017. CDoc. 23. The trial court accepted the guilty plea and found Ochoa to be guilty. CDoc. 26. On December 18, 2017, a sentencing hearing was held and Ochoa was sentenced to five years of community control with a reserved prison term of 17 months. CDoc. 28.

**{¶5}** On October 15, 2021, the trial court entered a judgment entry finding that Ochoa had absconded from the jurisdiction of the trial court and issued a bench warrant. CDoc. 93 and 97. Ochoa was subsequently arrested on January 13, 2022. CDoc. 97. A violation hearing was held on July 21, 2022, and the trial court determined that Ochoa had violated the terms of his community control. CDoc. 103. The trial court then revoked Ochoa's community control and imposed a prison term of fifteen months. CDoc. 103. The trial court then made the following finding.

> **Furthermore, the Defendant was awarded four hundred and fifty (450) days credit for time previously served and therefore, this sentence is fulfilled.**

---

[3] The docket associated with appellate case number 5-22-22 will be identified as "CDoc."

CDoc. 103. The trial court then terminated Ochoa from his community control supervision as unsuccessful. CDoc. 103. Ochoa appealed from this judgment. CDoc. 108.

**{¶6}** On the appeal from all three cases, Ochoa raises one assignment of error.

> **The trial court erred by improperly allocating jail credit, in violation of R.C. 2929.41(A).**

Ochoa argues that the trial court should have applied the total jail time credit of 462 days to all three cases instead of 450 days credit only being applied to appellate case number 5-22-22 and the remaining 12 being applied to appellate cases numbered 5-22-19 and 5-22-20. R.C. 2967.191(A) provides for jail-time credit in situations where a defendant has been sentenced to prison. The statute mandates that the prison term of a defendant is to be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced". R.C. 2967.191(A). The "trial court is to determine 'the number of days of confinement that a defendant is entitled to have credited toward his sentence.'" *State v. Cunningham*, 3d Dist. Marion No. 9-20-45, 2021-Ohio-1861, ¶ 6 quoting *State ex rel. Rankin v. Ohio Adult Parole Auth.,* 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7.

**{¶7}** This Court has previously addressed how jail time credit is applied to multiple sentences in *Cunningham, supra.* The defendant in *Cunningham* was

sentenced to a probation violation and a new conviction. The trial court applied all of the jail time credit to the violation, terminating the case as unsuccessful, and, having used all of the jail time credit, then imposed a 17 month prison term on the new conviction. *Id*. at 4. On appeal, the defendant claimed that the trial court erred in applying all of the jail time credit towards the probation violation. This Court addressed the general method to be used when calculating jail time credit.

> **When a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence. However, when a defendant is sentenced to concurrent terms, credit must be applied against all terms, because the sentences are served simultaneously. If an offender is sentenced to concurrent terms, applying credit to one term only would in effect, negate the credit for time that the offender has been held.**

*State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 22. However, this rule is limited to cases in which sentences are ordered to be served concurrently, not when a defendant is essentially sentenced to time served for a community control violation because the community control violation sentence is not served simultaneously with the sentence for the new offense. *Cunningham* at ¶ 7 quoting *State v. Chasteen*, 12th Dist. Butler No. CA2013-11-204, 2014-Ohio-3780. This Court determined that by applying the jail time credit first to the violation of community control, the trial court was sentencing the defendant to time served on the violation and then imposing a new sentence on the new conviction. *Id*. at ¶ 9.

This Court then affirmed the judgment determining that the trial court did not abuse its discretion in sentencing the defendant in this manner. *Id*. at ¶ 15.

{¶8} In this appeal, Ochoa was sentenced for the community control violation and the two new convictions on July 21, 2022. At the sentencing hearing, the trial court indicated that Ochoa had accumulated a total of 462 days of jail time credit between the pending cases (189 days since arrested on the bench warrant) and the prior time from the 2017 case. Tr. 5. Everyone was in agreement as to that number. Tr. 6. The trial court then imposed the following sentence.

> **The Court: What I'm going to do is this: In the 2017 case, which is the – the community control violation, I agree that for purposes of that case, I'm going to find that you are no longer amenable to community control. That case needs to be closed. Ultimately, I have reserved 17 months on that. You have – between all of these cases, you have – you have done over 460 days, 462 days. So what I'm going to do on that case is I'm going to order that you serve 15 months in an institution under the control of the Department. I'm going to – which is, in the way the Department calculates, that's 15 months of 30 days, which means 450 days. So I'm going to order that you serve 15 months. I'm going to credit 450 days.**

> **Mr. Ochoa: Okay.**

> **The Court: Which essentially, although it's going to say a prison sentence, the credit wipes that out.**

> **Mr. Ochoa: Okay.**

Tr. 38. In appellate case number 5-22-19, the trial court imposed 10 month prison terms on each count and ordered them to be served concurrently. Tr. 40. The trial court then imposed a 17 month prison term in appellate case number 5-22-20 and

ordered that be served concurrently with the sentence imposed in 5-22-19. Tr. 41. The trial court then credited Ochoa with the remaining 12 days of jail time credit along with any additional time accrued while awaiting transport. Tr. 41-42.

{¶9} As discussed above, this Court has previously held that a trial court does not err when it applies jail time credit in this manner. Of the 462 days served before the hearing, 450 were used as the sentence in the community control violation, thus terminating that sentence. The remainder was applied to the new and separate sentences being served after the hearing. "In other words, these two periods of confinement are not concurrent sentences" because they are not served during the same time period. *Cunningham, supra* at ¶ 10 citing *Fugate*. For this reason, the assignment of error is overruled.

{¶10} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgments of the Court of Common Pleas of Hancock County are affirmed.

*Judgments Affirmed*

**WALDICK and ZIMMERMAN, J.J., concur.**

**/hls**