[Cite as *State v. Eller*, 2024-Ohio-2121.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

SHAUN ELLER,

    DEFENDANT-APPELLANT.

CASE NO. 5-23-46

O P I N I O N

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

SHAUN ELLER,

    DEFENDANT-APPELLANT.

CASE NO. 5-23-47

O P I N I O N

**Appeals from Hancock County Common Pleas Court**
**Trial Court Nos. 2019CR097 and 2020CR048**

**Judgments Reversed and Causes Remanded**

**Date of Decision:  June 3, 2024**

**APPEARANCES:**

    *W. Alex Smith* **for Appellant**

    *Phillip A. Riegle* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Shaun Eller ("Eller") brings this appeal from the judgments of the Hancock County Common Pleas Court imposing sentence in multiple cases. Eller claims on appeal that the trial court improperly allocated jail time credit. For the reasons set forth below, the judgments are reversed.

{¶2} On February 10, 2020, Eller entered a guilty plea to one count of permitting drug abuse in violation of R.C. 2925.13(A), a felony of the fifth degree (trial case number 2019 CR 00097, appellate case number 5-23-46) and one count of failure to appear in violation of R.C. 2937.29, a felony of the fourth degree (trial case number 2020 CR 00048, appellate case number 5-23-47). On May 21, 2020, the trial court sentenced Eller to five years of community control with a reserved prison term of 12 months in appellate case number 5-23-46. The trial court also sentenced Eller to five years of community control with a reserved prison term of 18 months in appellate case number 5-23-47. Neither of the sentencing entries indicate that the reserved prison terms could be served consecutive to any other sentence. Over the next two years, Eller violated the terms of his community control multiple times.

{¶3} On September 13, 2023, a community control violation hearing was held in both cases. Eller admitted to the violations. The State and Eller agreed that between both cases, Eller had 523 days of jail time credit. Doc. 116. In appellate

case number 5-23-46, the trial court sentenced Eller to 360 days in jail and then applied the jail time credit to terminate the community control. This left 163 days of jail time credit. In appellate case number 5-23-47, the trial court sentenced Eller to 18 months in prison and applied the remaining 163 days. Doc. 82. Eller appeals from these sentences and raises the following assignment of error on appeal.

**The trial court erred by improperly allocating jail credit, in violation of R.C. 2929.41(A).**

{¶4} Eller argues that the trial court should have applied the total jail time credit of 523 days to both cases instead of 360 days credit only being applied to appellate case number 5-23-46 and the remainder being applied to appellate case number 5-23-47. This Court has previously addressed a very similar issue in *State v. Ochoa,* 3d Dist. Hancock Nos. 5-22-19, 5-22-20, and 5-22-22, 2023-Ohio-978 and in *State v. Cunningham*, 3d Dist. Marion No. 9-20-45, 2021-Ohio-1861. In both of those cases, this Court held that "by applying the jail time credit first to the violation of community control, the trial court was sentencing the defendant to time served on the violation and then imposing a new sentence on the [other] conviction." *Ochoa*, supra at ¶ 7. The trial court does not err when it applies jail time credit in this manner. However, the sentences in those cases were the original sentence that resulted in the community control the defendant violated and a new sentence for a new crime that resulted from the violation. The trial courts applied the time served

to the community control violation and unsuccessfully terminated the community control. The trial court then imposed new sentences for the new violations.

{¶5} In this case, the facts are not identical to those in *Cunningham* or *Ochoa*. Unlike in *Cunningham* or *Ochoa,* no new charges resulted from the violation. The two cases here both originally resulted in community control and Eller was notified of the reserved prison terms. However, the trial court did not notify Eller at the sentencing that either of the sentences could be served consecutive to each other. The Supreme Court of Ohio has recently addressed whether reserved prison sentences may be ordered to be served consecutively if community control is revoked. In *State v. Jones* the defendant was convicted and sentenced to community control with a two year reserved prison term. 171 Ohio St.3d 496, 2022-Ohio-4485, 218 N.E.3d 867. At sentencing the trial court did not inform the defendant that the sentence could be served consecutively to any other prison term. When the defendant's community control was later revoked, the trial court attempted to order the sentence to be served consecutively to another conviction. On appeal, the Seventh District Court of Appeals reversed the judgment due to the trial court's failure to make the required findings. The Supreme Court of Ohio, affirmed the judgment of the appellate court, but for a different reason. The Court held that "a reserved prison term may be ordered to be served consecutively to any other sentence at a community-control-revocation hearing if notice was given when the prison term was reserved that the term could be required to be served consecutively

-4-

to another prison term at the time of revocation." *Id*. at ¶ 15. The Court must give the prior notice if it wishes to have a future option to impose consecutive sentences if the community control is revoked. *Id*. *See also State v. Crose*, 3d Dist. Crawford No. 3-22-34, 2023-Ohio-880 (holding that trial court's imposition of consecutive sentences for violation of community control was contrary to law when defendant was not notified of the possibility that the sentences would be ordered to be served consecutively).

**{¶6}** Here, no notice was given that the sentences could be ordered to be served consecutively at the time the prison terms were reserved. As the trial court was silent as to how the terms could be served, by statute the sentences would be served concurrently. R.C. 2929.41(A). The Supreme Court of Ohio has previously addressed the general method to be used when calculating jail time credit for multiple sentences when concurrent sentences are imposed.

> When a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence. However, when a defendant is sentenced to concurrent terms, credit must be applied against all terms, because the sentences are served simultaneously. If an offender is sentenced to concurrent terms, applying credit to one term only would in effect, negate the credit for time that the offender has been held.

*State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 22. Eller's confinement before the hearing was due to a violation of the community control sanctions that he was placed under as a result of both sentences. As the trial court

did not provide notice regarding the potential of consecutive sentences resulting in concurrent sentences, the amount of jail time credit must be applied against all terms to the extent that the jail time was served in both cases.

{¶7} A review of the record indicates that the trial court found that Eller had jail time credit of 523 days, based upon the probation officer's statement that Eller had "served approximately 523 days of reserved time." The record does not reflect a breakdown of time served in each case. However, the record does reflect that Eller served jail time in the 2019 case prior to the initiation of the 2020 case, which should not be credited toward the 2020 case. Therefore, the assignment of error is sustained.

{¶8} Having found error prejudicial to the appellant in the particulars assigned and argued, the judgments of the Hancock County Common Pleas Court are reversed and the matter is remanded for further proceedings.

*Judgments Reversed*
*and Causes Remanded*

**WALDICK J., concurs.**

**ZIMMERMAN, J., concurs in Judgment Only.**

**/hls**